CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 11 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 7:11cr82 |
| v. | ) | **2255 MEMORANDUM OPINION** |
| STEVEN O'NEAL HAIRSTON, | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Defendant. | ) | |

Defendant Steven O'Neal Hairston brings this motion pursuant to 28 U.S.C. § 2255, seeking to set aside the 57-month sentence the court imposed following Hairston's guilty plea to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). By entering the plea, Hairston avoided a potential conviction for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), which carries with it a mandatory five-year consecutive sentence. This conduct was, nonetheless, the basis for a sentencing enhancement, and Hairston now claims its application was unconstitutional since the facts underlying the conduct were never presented to a jury. After review, the court denies Hairston's motion on the merits.

I.

On November 17, 2011, a grand jury indicted Hairston for possession with the intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime. Approximately three months later, on February 3, 2012, Hairston entered into a written plea agreement with the government, pursuant to Federal Rule of Criminal Procedure 11. The plea agreement called for Hairston to plead guilty to count one of the indictment (possession with

intent to distribute between 500 grams and two kilograms of cocaine between 2010 and 2011, in violation of 21 U.S.C. § 841(a)(1)) in exchange for the government's promise to seek dismissal of count two, which carried with it a mandatory five-year consecutive sentence, and promise to recommend a three-level reduction for acceptance of responsibility. Hairston also agreed that a two-level sentencing enhancement for possession of a dangerous weapon was appropriate. On May 16, 2012, this court sentenced Hairston to 57 months based on a total offense level of 25, a criminal history category I, and a guideline range of 57 to 71 months. The court dismissed count two and applied both the three-level reduction for acceptance of responsibility and the two-level enhancement for possession of a dangerous weapon. The application of the enhancement is the basis for the current petition.

II.

Hairston claims his sentence must be vacated based on an unconstitutional application of a sentencing enhancement.[1] He argues that that the court improperly considered as a sentencing factor his possession of a dangerous weapon (a firearm) and that, instead, based on the Supreme Court's recent ruling in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), this fact was an element of the crime that must be submitted to the jury and proved beyond a reasonable doubt. The Court finds that Hairston's arguments are without merit. The fact at issue was merely a sentencing factor that the court need not submit to the jury. Moreover, <u>Alleyne</u> dealt with mandatory minimum sentences, and no mandatory minimum sentence was either applicable or imposed here.

---

[1] He also alleges that the enhancement was not charged in the indictment. (ECF No. 40 at 4) The indictment does not charge defendants with enhancements. However, it did charge Hairston with the underlying conduct that is the basis for the enhancement. Count Two charged Hairston with possession of a firearm, i.e., a dangerous weapon, in furtherance of a drug crime, a violation of 18 U.S.C. § 924(c).

Whether a fact at sentencing must be submitted to the jury depends upon whether it is a sentencing factor or an element. The distinction between "sentencing factors" and "elements" was first noted in McMillan v. Pennsylvania, 477 U.S. 79 (1986). A sentencing factor refers to facts that need not be found by a jury but can still increase a defendant's punishment. Id. at 86. These facts may be found by the court by a preponderance of the evidence. Id. Elements are facts that increase the punishment above what would otherwise be permitted under the applicable statute. Apprendi v. New Jersey, 530 U.S. 466, 483 n. 10 (2000). They are facts that "alter the prescribed *range* of sentences to which a defendant is exposed." Alleyne, 133 S. Ct. at 2158 (emphasis added). Such facts must be submitted to the jury and found beyond a reasonable doubt. Apprendi, 530 U.S. at 483 n. 10.

Here, the court's sentence was based upon a sentencing factor and not an element. Hairston entered into a plea agreement for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(C). The U.S. Sentencing Guidelines permit a two-point increase to the base offense level if a dangerous weapon (including a firearm) was possessed during commission of the underlying offense.[2] See U.S.S.G. § 2D1.1(b)(1). This increase does not alter the statutory maximum, which is 20 years. It also does not alter (or in this case) impose a mandatory minimum sentence. Thus, the range of sentences to which Hairston was exposed was in no way altered by the court's finding. The court could have sentenced Hairston to anywhere between zero and 240 months with or without the sentencing enhancement.

---

[2] In fact, Hairston agreed in his plea agreement to a two-point enhancement based on this conduct.

Accordingly, Hairston's constitutional rights were not violated by the court's finding of a sentencing factor by a preponderance of the evidence, and Hairston's motion is denied.[4]

III.

For the reasons stated, the court dismisses Hairston's motion pursuant to 28 U.S.C. § 2255.

**ENTER**: October 11, 2013.

s/ SAMUEL G. WILSON
UNITED STATES DISTRICT JUDGE

---

[4] The court need not consider whether Alleyne is retroactively applicable to cases on collateral review.